UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALTON HIGGINS,

              Petitioner,              Case Number: 02-10124-BC
                                                  Honorable David M. Lawson

v.

PAUL RENICO,

              Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

The petitioner has appealed the Court's order conditionally granting his application for the writ of habeas corpus under 28 U.S.C. § 2254 on the sole issue of whether his trial attorney was constitutionally ineffective. The matter is now before the Court for determination of whether a certificate of appealability should issue with respect to the remainder of the petitioner's claims.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003) (citations omitted).

In addition to the claim that his trial counsel was ineffective for failing to cross examine the only eyewitness to the shooting – the issue on which this Court conditionally granted a writ of

habeas corpus – the petitioner advanced other claims that both his trial and appellate counsel were constitutionally deficient. The Court believes that reasonable jurists could not disagree with its conclusion that these claims lacks merit. The petitioner first pointed to his trial attorney's closing argument in which the attorney repeatedly referred to a dispute between himself and the trial judge over whether he should have been allowed additional time to prepare for the cross examination of the eyewitness noted above. The prosecutor objected on several occasions, and the trial judge sustained the objections. The Court carefully considered the attorney's statements and concluded that, although the trial attorney's closing argument was poorly constructed and ill-advised, the lawyer's performance did not fall below and objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The petitioner, therefore, did not rebut the strong presumption of effectiveness afforded his trial attorney. *See Strickland,* 466 U.S. at 689 (noting "[b]ecause of the difficulties inherent in making [an evaluation of effectiveness in hindsight], a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.") Consequently, the Court concluded that the petitioner's appellate counsel was not ineffective for failing to raise this issue on appeal.

The petitioner further contended that his trial attorney was ineffective for failing to object to various aspects of the prosecutor's evidence and arguments. The Court concluded that the petitioner failed to rebut the presumption effectiveness in this regard as well. Similarly, the Court found that the petitioner's attorney on appeal was not ineffective for failing to raise certain issues. The Sixth Circuit has identified several factors to be considered in determining whether appellate counsel was constitutionally ineffective in failing to raise certain issues on appeal, including whether

the omitted issues were significant and obvious, whether the omitted issues were clearly stronger than those presented, and the decision to omit an issue was an unreasonable one that only an incompetent attorney would adopt. *Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir. 1999). The Court concluded that the petitioner did not demonstrate that the issues his attorney on appeal chose to present were clearly stronger than those he chose to omit. Therefore, the Court found that habeas relief with respect to the petitioner's additional claims of ineffective assistance of counsel was unwarranted.

The petitioner next contended that the prosecutor engaged in misconduct by (1) suppressing evidence and relying upon coerced and perjured testimony; (2) misstating evidence and arguing facts not in evidence; and (3) eliciting testimony from the eye witness that he was afraid to testify because he had been threatened. The Court believes that reasonable jurists could not disagree with its conclusion that the these claims were procedurally defaulted and otherwise lacked merit. The petitioner did not object to the third issue at trial, and the other two issues were not raised on direct appeal. The Court concluded that the contemporaneous objection rule and the requirement that a criminal defendant present his claims on direct review to obtain relief are well established in Michigan and frequently followed before the petitioner's 1996 trial. Consequently, the Court found that habeas review was foreclosed absent as showing cause and prejudice.

Although cause and prejudice may be established by ineffective assistance of trial and appellate counsel, *see Murry v. Carrier,* 447 U.S. 478, 488 (1986), "[n]ot just any deficiency in counsel's performance will [excuse procedural default]. . . the assistance must have been so ineffective as to violate the Federal Constiution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). In this case, the Court concluded that the prosecutor's questions to the eyewitness concerning his failure to honor the trial court's subpoena were not improper, and therefore the petitioner's trial

attorney was not deficient for choosing not to object. Similarly, the Court found that there is no constitutional right to have appellate counsel raise every non-frivolous issue on appeal, and the choice of which issues to appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). The Court further found that no miscarriage of justice exception was available to the petitioner. That exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Shup v. Delo,* 513 U.S. 298, 326-27 (1995). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup,* 513 U.S. at 324. The petitioner made no such showing, and the Court therefore denied habeas relief on the basis of prosecutorial misconduct.

The petitioner also contended he was entitled to habeas relief because the trial court denied him a fair trial by (1) denigrating defense counsel and commenting on the evidence; and (2) giving confusing and misleading jury instructions and denying the petitioner's requested instruction on the credibility of accomplices. Again, the Court believes that reasonable jurists could not disagree with its conclusion that these claims lacked merit. While the trial record contained spirited and colorful exchanges between the judge and defense counsel, the Court concluded that trial judge's conduct was not "egregious, and fairly capable fo characterization as beyond that necessary to fulfill the role of 'governor of the trial for the purpose of assuring its proper conduct and determining questions of law.'" *United States v. Tilton,* 714 F.2d 642, 645 (6th Cir. 1983)(quoting *Quericia v. United States,* 289 U.S. 466 (1933)). Likewise, the Court reasoned that judicial commentary on the evidence or counsel's performance cannot form the basis of habeas relief unless those comments render the trial fundamentally unfair. *See McBee v. Grant,* 763 F.3d 811, 818 (6th Cir. 1985). Although the trial

judge's comments may have been imprudent and suggested a view of the evidence that properly was to be left to the jury – where the shooter was sitting plainly was a question of fact and the trial judge should not have stated his belief that the victim was shot from the back – the Court was unable to conclude that, based the totality of the evidence, those comments rendered the petitioner's trial fundamentally unfair.

Likewise, the Court concluded that the trial court's instructions to the jury did not deprive the petitioner of a fair trial. To afford habeas relief on the basis of jury instructions, "it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional] right." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). A reviewing court must "inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Ibid*. (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)). The trial court instructed the jury on its obligation to determine the credibility of witnesses. Although it would have been preferable to give an instruction on the need to carefully consider the testimony of a person who may be considered a confederate in a joint criminal undertaking, the eyewitness to the shooting had not pleaded guilty to the same crime with which the petitioner was charged, and there was no danger of the jury inferring the petitioner's guilt from admissions made at trial by the eye witness. In light of the entire jury instructions, the Court concluded that the State court of appeals' decision rejecting this argument did not contravene or unreasonably apply Supreme Court precedent.

The petitioner also claimed that the trial court's instructions were confusing and misleading because the instruction on felony murder failed to require a finding of guilty beyond a reasonable doubt as to each element of the crime, and because the trial court's reinstruction regarding the difference between first- and second-degree murder was not sufficiently informative. The Court,

however, found that the trial court judge instructed the jury that the prosecution bore the burden of proving each element of felony murder beyond a reasonable doubt. In addition, during deliberations, the jury asked for clarification between first-degree and second-degree murder. After reviewing the reinstruction, the Court found that it adequately conveyed to the jury the elements of first- and second- degree murder under Michigan law. No habeas relief was therefore warranted on this claim.

In his final claim, the petitioner asserted that the evidence adduced at trial was insufficient to support a conviction for felony murder. The Court believes that reasonable jurists could not disagree with its conclusion that the this claim was procedurally defaulted and otherwise lacked merit. The petitioner failed to raise this issue on direct review. Therefore, he was required to demonstrate cause and prejudice to excuse this omission.

The petitioner asserted that ineffective assistance of appellate counsel excused his procedural default. The Court therefore considered the strength of the petitioner's sufficiency of the evidence claim to assess the reasonableness of appellate counsel's failure to raise this claim on direct appeal. In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). Under Michigan law, the Court noted, the elements of felony-murder are: (1) the killing of a human being, (2) with malice, (3) while committing, attempting to commit, or assisting in the commission of any of the felonies enumerated in the statute. *Bulls v. Jones*, 274 F.3d 329, 335 (6th Cir. 2001), *citing People v. Carines*, 460 Mich. 750, 597 N.W.2d 130 (1999). The element of malice "can be established by proving an intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result." *Ibid.*

In addition, Michigan law provides that use of a deadly weapon permits an inference of malice. *Ibid.* (citing *Carines*, 460 Mich. at 759, 597 N.W.2d at 136). Viewing the evidence in the light most favorable to the prosecution, the Court found that a rational trier of fact could have found that the prosecution had proven all of the essential elements of felony murder beyond a reasonable doubt. Consequently, the Court concluded that the petitioner's appellate attorney was not ineffective in failing to present this claim on direct review, and the petitioner was not entitled to relief on his final claim.

Accordingly, it is **ORDERED** that a certificate of appealability [dkt # 33] with respect to the petitioner's remaining claims is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 19, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 19, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS